BALL & BROUGH *v.* H. C. TURNER, ET AL.

**Mortgage—Homestead.**

> If when a mortgage is executed the homestead is unincumbered, the mortgagee acquires a first lien on it.

APPEAL FROM MORGAN CIRCUIT COURT.

November 10, 1877.

OPINION BY JUDGE COFER:

The effect of the mortgage to the appellants was to give them a lien upon the land embraced therein, subject to the then existing homestead of Knowles. No subsequent event could enlarge the effect of the mortgage, especially as against Turner, to whom the whole estate, including the homestead, was mortgaged by the subsequent mortgage executed while the right to a homestead exemption still existed, and in such manner as to waive the exemption as to them.

The homestead was exempted from the operation of the appellants' mortgage in precisely the same way as if it had been in terms excepted. When the mortgage to Turner was executed, the homestead was unincumbered, and he therefore acquired a first lien on it. When Mrs. Knowles died, the effect of appellants' mortgage was not enlarged, nor was the effect of Turner restrained or diminished. We are therefore of the opinion that the court did not err in refusing to allow the appellants' supplemental petition to be filed. We are also of the opinion that the court correctly rejected Knowles's proffered amended answer and cross-petition, seeking to recover for alleged damages resulting from the order appointing a receiver and directing the mortgaged property to be resold. Those orders are still in force, and until reversed or set aside are conclusive evidence that sufficient grounds existed for the appointment of a receiver and renting the property, and no action can be maintained to recover damages for obtaining the orders necessary in order to keep the mill in repair, and were properly allowed.

But there was error in omitting to credit the appellee, Knowles, with the bond of George H. Knowles for $200 rent and the interest thereon. For that error the judgment is *reversed* on the cross-appeal so far only as to direct the court below to order the credit to be entered for that sum.

On the original appeal the judgment is *affirmed.*

*J. & J. W. Rodman, W. T. Havens, for appellants.*

*John T. Hazelrigg, J. E. Cooper, for appellees.*